Mahlon R. Perkins, Esq. Town Attorney, Dryden
You have asked whether the Town of Dryden may enter into a contract with a private developer to build a sewer line so that the town and the developer may hook up with an existing sewer system in the Village of Dryden.
You have indicated that the town hall and the town highway garage are located within the Village of Dryden. The town hall and town garage are currently served by a septic system which has begun to fail. Although the Town of Dryden has a sewer district, it does not serve the area in question. Since the town hall and town garage are located in the village, the town would like to obtain sewer service from the Village of Dryden.
You have further indicated that a private developer whose property is located across the street from the town hall has offered to furnish materials for a sewer line if the town will furnish the labor and equipment. Under the proposed contract, the town would bear the expense of running the sewer line underneath the road, constructing a manhole and running laterals to the town property. The developer would bear the expense of running the laterals to his own property. Although the developer would own the sewer line initially, he has agreed to dedicate it to the village as soon as it is feasible to do so.
You have asked whether the proposed contract would constitute an impermissible benefit to a private individual.
First, we assume for the purpose of this opinion that the Village of Dryden approves the contract. Since this involves an extension of the village sewer system, the Village of Dryden must approve the extension (see Village Law, § 14-1400). We assume further that proper procedures to extend the village's sewer system will be followed. Moreover, the arrangement must not violate the existing moratorium on extensions tributary to the Village of Dryden sewage treatment plant.
Article VIII, section 1 of the New York State Constitution prohibits a town from giving or lending money or property to or in aid of a private undertaking. In order to avoid this constitutional constraint, the town must establish that the contract serves a town purpose and that the private developer will benefit only incidentally from the contract.
The provision of adequate sewer service to town property is clearly a permissible town purpose (see, e.g., Town Law, § 190). If the town will receive a substantial benefit from the contract — that is, if the contract is supported by fair and adequate consideration running to the town — the contract will not violate Article VIII, section 1 of the Constitution. Moreover, if the primary purpose of the contract is to obtain sewer service for town property, the fact that the private developer derives an incidental benefit will not be sufficient to bring this contract within the prohibitions of Article VIII, § 1 (HotelDorset Co.' v Trust for Cultural Resources, 46 N.Y.2d 358 [1978]; YonkersCommunity Development Agency v Morris, 37 N.Y.2d 478 [1975]; Murphy vErie County, 28 N.Y.2d 80 [1971]).
We conclude that the Town of Dryden may enter into a contract with a private developer to build a sewer line which will provide sewer service to both the town and the developer so long as the contract is supported by fair and adequate consideration.